IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARGARET ANN DIRKS,                           2:09-CV-03399-JAM-EFB

      Plaintiff,                    ORDER GRANTING IN PART AND
                                         DENYING IN PART DEFENDANT'S
   v.                                     MOTION TO DISMISS

THE PERMANENTE MEDICAL GROUP,
INC.; and DOES 1 through 5,
inclusive,

      Defendant.
———————————————————/


    This matter comes before the Court on Defendant The

Permanente Medical Group, Inc.'s ("Defendant's") Motion to

Dismiss Plaintiff Margaret Dirks' ("Plaintiff's") Complaint

("Complaint") pursuant to Federal Rule of Civil Procedure

12(b)(6). Plaintiff opposes the motion. [1] For the reasons stated

below, Defendant's Motion is GRANTED in part and DENIED in part.

---

[1]   Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
L.R. 230(g).

I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about October 2002, Plaintiff began working at Defendant's appointment and advice call center ("call center"). Pl's Compl. 2:5. During her tenure at the call center, Plaintiff alleges that she gradually began to experience health problems, including headaches, dizziness, mental confusion/inability to concentrate, tight/burning throat, cough, burning eyes and nose, tight chest, nausea, loss of balance, loss of hair, and difficulty breathing. Pl's Compl. 2-3:6. Plaintiff's symptoms allegedly began daily upon entering the call center, increased during work hours, then immediately subsided upon leaving the building.  Pl's Compl. 3:7. However, Plaintiff alleges that some residual symptoms remained throughout the evening and into the next day, but gradually cleared over time. Id. On several occasions, Plaintiff informed her employer regarding her difficulty breathing, which forced her to leave work. Pl's Compl. 3:8.

Plaintiff made numerous complaints to various managers about how the building's condition affected her health. Pl's Compl. 3:8. Plaintiff asserts that Defendant's management scowled and rolled their eyes at Plaintiff and told Plaintiff that the problem only existed with her. Pl's Compl. 4:9. However, Plaintiff alleges that other employees were

experiencing similar symptoms from the call center. Pl's Compl. 3:7.

In response to these complaints, Defendant moved Plaintiff's desk location several times in the call center. Pl's Compl. 4:10. Defendant did not allow Plaintiff to telecommute or relocate to another building. Pl's Compl. 4:11.

Plaintiff's symptoms allegedly became more severe in 2008. Pl's Compl. 3:7. Thus, on October 2, 2008, Plaintiff saw Judy Dyke, Nurse Practitioner, who determined that Plaintiff's health condition was caused by environmental factors at work. Pl's Compl. 5:13. To treat the symptoms, Ms. Dyke suggested in a note to Defendant that Plaintiff be provided a Hepa filter at work. Id. Defendant ignored the note. Id.

On October 20, 2008, Plaintiff resigned from her employment. Pl's Compl. 5:14. Plaintiff's written resignation stated that her back problem was a basis for resignation, and added that although she intended to work through October 2008, the toxic fumes in the workplace and the lack of response by management made work unbearable and a health risk.  Id.

After Plaintiff resigned, a third party called Plaintiff on behalf of Defendant for an exit interview. Pl's Compl. 5:15. When Plaintiff was asked whether she would sue Defendant due to the working conditions, Plaintiff responded "yes." Id.

Subsequently, Plaintiff applied for positions in Oregon and San Diego. Id. Plaintiff was not hired at either facility. Id.

Plaintiff timely filed two complaints with the Department of Fair Employment and Housing ("DFEH"). Her first complaint filed on September 15, 2009 alleged that Defendant failed to reasonably accommodate her disability. Pl's Opp. Exh. 1. On October 29, 2009, Plaintiff filed a second complaint alleging that she was retaliated against for her disability.  Pl's Opp. Exh. 2. Plaintiff immediately received a right to sue letter for each complaint. Id.

The action was filed in Sacramento County Superior Court on October 30, 2009 (Case No. 32-2009-00062358).  On December 7, 2009, the action was removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

II.  OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

4

are mere "legal conclusions," however, are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009), <u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002). Here, Plaintiff attached two documents to her Opposition to the Motion to Dismiss: Plaintiff's Complaint and Right to Sue Letter issued by the DFEH on September 15, 2009, and Plaintiff's Complaint and Right to Sue Letter issued by the DFEH on October 29, 2009. Defendants do not question the validity of these documents and in fact recognize the documents in their Motion.

Def's Motion 3:22-4:12.  Accordingly, the Court will consider

these documents in deciding Defendant's Motion.

Upon granting a motion to dismiss for failure to state a

claim, the court has discretion to allow leave to amend the

complaint pursuant to Federal Rule of Civil Procedure 15(a).

"Absent prejudice, or a strong showing of any [other relevant]

factor[], there exists a presumption under Rule 15(a) in favor

of granting leave to amend."  Eminence Capital, L.L.C. v.

Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Dismissal

with prejudice and without leave to amend is not appropriate

unless it is clear . . . that the complaint could not be saved

by amendment."  Id.

B. Disability Discrimination

Plaintiff's first cause of action alleges that Defendant

discriminated against her because of her disability when

Defendant constructively terminated and failed to rehire

Plaintiff. Defendant argues that this claim should be dismissed

for multiple reasons: (1) Plaintiff failed to timely exhaust her

administrative remedies; (2) Plaintiff's condition is not a

disability; (3) Defendant did not know about Plaintiff's

disability; and (4) Plaintiff did not suffer adverse employment

action because of her disability.

To establish a disability discrimination claim under

California's Fair Employment and Housing Act ("FEHA"), plaintiff

6

must show that she: (1) suffers from a disability; (2) is otherwise qualified to do the job; and (3) was subjected to an adverse employment action because of the disability.

1. Exhaustion of Administrative Remedies

Prior to filing a civil action under FEHA, a plaintiff must exhaust all administrative remedies. Rodriguez v. Airborne Express, 265 F.3d 890, 895 (9th Cir. 2001). Because exhaustion is a jurisdictional prerequisite to a lawsuit, failure to exhaust the administrative remedy bars a later lawsuit on the claim. Id. at 900.

Exhaustion requires filing a complaint timely with the DFEH and obtaining a right to sue letter. Rodriguez, 265 F.3d at 896 (citations omitted). The causes of action in the later civil complaint must be "like or reasonably related" to those in the DFEH complaint. Id. This standard is met when the allegations in the civil complaint are within the scope of the administrative investigation of the DFEH complaint. Id.

Here, Plaintiff filed two complaints with DFEH, alleging failure to accommodate and retaliation based on her disability. Plaintiff's second DFEH complaint alleging retaliation based on disability would reasonably trigger an investigation into constructive termination and failure to hire. Plaintiff specifically stated in her resignation letter that the building was a reason for her resignation and "no one would address [her

health] issue[s]" caused by the building. Plaintiff also stated that she "was refused employment" after she "complained bitterly about her symptoms." Even though she did not check the boxes "constructive discharge" and "denial of employment" in the complaint, the DFEH would likely have included disability discrimination in its investigation. See Winter v. Corr. Corp. of Am., 2009 U.S. Dist. LEXIS 53668 (June 24, 2009). Thus, Plaintiff's claim for disability discrimination is not barred for failure to exhaust administrative remedies.

2. Disability

To qualify as disabled under FEHA, Gov. Code § 12900 et seq., plaintiff must have, or be perceived to have, (1) a physiological disorder that affects one or more of the basic bodily systems that (2) limits a major life activity. Cal. Gov. Code § 12926(k). Here, Plaintiff alleges that the building's conditions caused her difficulty breathing, which affected her respiratory system. Further, Plaintiff alleges that her breathing, which is a major life activity, was limited. Defendant has not cited any case law to support the argument that these facts are insufficient to show Plaintiff has a disability. As such, the Court will accept Plaintiff's allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiff. In doing so, the Court

finds that Plaintiff has sufficiently stated facts to establish her condition is a disability.

    3.  <u>Knowledge of the Disability</u>

    "An adverse employment decision cannot be made 'because of' a disability, when the disability is not known to the employer." <u>Avila v. Continental Airlines, Inc.</u>, 165 Cal. App. 4th 1237, 1246 (2008)(citations omitted). Knowledge of a disability will be imputed to the employer when a disability is the only reasonable interpretation of the known facts. <u>Id.</u> "'Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice'" under FEHA. <u>Id.</u> (<u>quoting</u> <u>Brundage v. Hahn</u>, 57 Cal. App. 4th 228, 237 (1997)).

    Here, Plaintiff alleges that she made numerous complaints to various managers about her health problems resulting from the condition of the building. Plaintiff further alleges that she filed multiple incident reports to leave work early because of difficulty breathing due to continuous coughing. Similar to <u>Avila</u>, where providing medical forms that stated plaintiff was hospitalized and sick was insufficient to put defendant on notice of the disability, complaints about the building's condition and difficulty breathing are generalized complaints that do not show Defendant knew about Plaintiff's disability. There are other reasonable interpretations of Plaintiff's

complaints: the symptoms could be a recurring sickness, a chronic allergic reaction, or a side effect of medications. Further, the nurse practitioner's note only suggested that Defendant provide a Hepa filter to Plaintiff at work, but did not describe any condition that would raise the inference of a disability protected by FEHA.

Although Plaintiff's allegations demonstrate that Defendant knew about Plaintiff's health problems, these allegations are not sufficient to state a claim that Defendant knew about Plaintiff's disability. Thus, these allegations are insufficient to establish Defendant had knowledge that Plaintiff had a FEHA protected disability.

4.   Adverse Employment Action Because of Disability

To establish a constructive discharge, the plaintiff must show that "the employer's conduct effectively force[d] an employee to resign." Turner v. Anheuser-Busch, 7 Cal. 4th 1238, 1244 (1994). The working conditions, as a result of the discrimination, must be so intolerable that a reasonable person would resign. Poland v. Chertoff, 494 F.3d 1174, 1184 (9th Cir. 2007). This is an objective inquiry. Id.

Here, Plaintiff's allegations do not sufficiently state an adverse employment action. Although Plaintiff alleges that she ultimately quit because Defendant failed to change the working conditions, which allegedly caused her disability, Plaintiff's

decision must be reasonable in the circumstances.  Other employees worked in the call center under the same conditions as Plaintiff. Plaintiff does not allege that other employees quit because of the working conditions. Therefore, Plaintiff has failed to allege sufficient objective facts to support this cause of action.

Moreover, Plaintiff does not allege that Defendant's treatment of her caused her to quit. Plaintiff alleges that Defendant's management would scowl and roll their eyes at her complaints about the working conditions and tell her that the problem only existed with her. However, Plaintiff does not claim that this caused her to quit. The resignation only states that the working conditions became too unbearable. Therefore, Plaintiff has not pled sufficient facts to allege that the working conditions were so unbearable that a reasonable person would resign.

Accordingly, although Plaintiff has sufficiently pled enough facts to demonstrate that she timely exhausted her administrative remedies and that she qualifies as disabled under FEHA, Plaintiff has failed to allege sufficient facts to show Defendant knew of her disability and that she suffered an adverse employment action because of her disability.  As such, Defendant's motion to dismiss Plaintiff's first cause of action for disability discrimination is GRANTED with leave to amend.

C.    <u>Failure to Accommodate</u>

Defendant argues that Plaintiff's second cause of action for failure to accommodate should be dismissed because Plaintiff did not have a disability under FEHA, and an accommodation of telecommuting or working from home is unreasonable because it would violate the collective bargaining agreement.

Under FEHA, an employer is liable for failing to reasonably accommodate the known or perceived disability of an employee. Gov. Code § 12940. To establish a claim for failure to accommodate, the plaintiff must show that (1) she suffers from a disability under FEHA; (2) she can perform the essential functions of the job with or without accommodation; and (3) defendant failed to reasonably accommodate plaintiff's disability. <u>Jensen v. Wells Fargo Bank</u>, 85 Cal. App. 4th 245, 254 (2000) (citations omitted).

Here, as explained above, Plaintiff has stated sufficient facts that show she suffered from a qualified disability under FEHA. Further, the Complaint alleges that Defendant moved Plaintiff's desk location several times in the same building that allegedly was causing her health problems. Because Plaintiff's disability was caused by the building, Defendant's accommodation of moving her desk in the same building may be

unreasonable. As such, the Complaint sufficiently states a claim

for failure to reasonably accommodate.

At this stage of the litigation, the Court may not

consider Defendant's argument that the only acceptable

accommodations violate the collective bargaining agreement

because it is based on evidence outside the allegations in the

Complaint.

Accordingly, Defendant's motion to dismiss Plaintiff's

second cause of action for failure to accommodate is DENIED.

D. <u>Failure to Engage in the Interactive Process</u>

Plaintiff's second cause of action also alleges that

Defendant failed to enter into a good faith interactive process

with her. Defendant argues that Plaintiff's failure to engage in

the interactive process claim should be dismissed because

Defendant did not know about Plaintiff's disability and thus,

Defendant could not have known to engage in the interactive

process.

An employer must engage in an interactive process when the

employee gives the employer notice of the employee's disability.

<u>Jensen</u>, 85 Cal. App. 4th at 261. For the interactive process to

work, "both sides must communicate directly, exchange essential

information, and neither side can delay or obstruct the

process." <u>Id.</u>

As explained previously, Plaintiff failed to state sufficient facts to demonstrate that Defendant had notice of her alleged disability. As such, Defendant's motion to dismiss Plaintiff's second cause of action for failure to engage in the interactive process is GRANTED with leave to amend.

E. Retaliation

Plaintiff's third and fourth causes of action allege retaliation for making a complaint of discrimination and retaliation for whistleblowing.

To establish retaliation, the plaintiff must show that (1) she engaged in a protected activity; (2) the employer subjected the employee to an adverse employment action; and (3) there is a causal link between the protected activity and the employer's action. Akers v. County of San Diego, 95 Cal. App. 4th 1441, 1445 (2002).

Plaintiff's Complaint alleges that Defendant retaliated against Plaintiff after she asserted that she would sue Defendant because of the working conditions. Plaintiff alleges that after this comment, she applied for open positions in Oregon and San Diego and was not hired at either facility. In making these allegations, Plaintiff assumes that Defendant is the employer of the Oregon and San Diego offices. Defendant argues that both retaliation claims fail because the locations that refused to hire Plaintiff are not Defendant's facilities,

so there is no causal link between the disability and the failure to hire. Thus, Defendant did not retaliate against Plaintiff.

Plaintiff fails to state any facts alleging how Defendant is associated with these two facilities or how Defendant exchanges information with other facilities regarding complaints that could give rise to retaliation by Defendant. Accordingly, Defendant's motion to dismiss Plaintiff's third and fourth causes of action for retaliation is GRANTED with leave to amend.

### III. ORDER

For the reasons set forth above, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

- Defendant's Motion to Dismiss Plaintiff's first cause of action for Disability Discrimination is GRANTED with leave to amend;

- Defendant's Motion to Dismiss Plaintiff's second cause of action for Failure to Accommodate is DENIED.

- Defendant's Motion to Dismiss Plaintiff's second cause of action for Failure to Engage in the Interactive Process is GRANTED with leave to amend.

- Defendant's Motion to Dismiss Plaintiff's third cause of action for Retaliation for Making a Complaint of Discrimination is GRANTED with leave to amend; and

- Defendant's Motion to Dismiss Plaintiff's fourth cause of action for Retaliation for Whistleblowing is GRANTED with leave to amend.

    Plaintiff has twenty (20) days from the date of this Order to file an Amended Complaint consistent with this Order.

DATED: April 29, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

16